# EXHIBIT A

JUSTIN HEWGILL (259528)
LAW OFFICE OF HEWGILL AND COBB
2169 First Avenue
San Diego, CA 92101
Phone: (619) 432-2520; Fax: (619) 377-6026

ZACHARY T. TYSON (211185)
LAW OFFICE OF ZACHARY T. TYSON
2169 First Avenue
San Diego, CA 92101
Phone: (619) 237-9292; Fax: (619) 615-2173

Attorneys for Plaintiff,
ANTHONY LAINO

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**01/20/2016** at 08:00:00 AM
Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ANTHONY LAINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOX RESTAURANT CONCEPTS, LLC an unknown business entity, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.: 37-2016-00001682-CU-WT-CTL<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. FAILURE TO PROVIDE MEAL PERIODS [Cal. Labor Code § 512; and 8 Cal. Code of Regulations § 11050(11)];<br>2. FAILURE TO PROVIDE REST PERIODS [226.7; and 8 Cal. Code of Regulations § 11050(12)];<br>3. FAILURE TO PAY REGULAR AND OVERTIME WAGES [Cal. Labor Code §§ 204, 510 and 1194];<br>4. FAILURE TO PAY REPORTING TIME [8 Cal. Code of Regulations § 11050(5)];<br>5. FAILURE TO PAY WAGES UPON TERMINATION OR RESIGNATION [Cal. Labor Code §§ 201, 202, and 203];<br>6. RETALIATION [Cal. Labor Code § 1102.5];<br>7. RETALIATION [Cal. Labor Code § 98.6];<br>8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>9. UNFAIR COMPETITION [Cal. Bus. & Prof. Code § 17200 et seq.];<br><br>**[JURY TRIAL DEMANDED]** |

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, the plaintiff alleging against Defendants as follows:

## PARTIES AND
## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff ANTHONY LAINO, (hereinafter "Plaintiff" or "Mr. Laino") is, and at all times relevant herein was, a resident of the County of San Diego in the State of California.

2. Plaintiff believes and thereon alleges that at all times relevant herein, Defendant FOX RESTAURANT CONCEPTS, LLC (hereinafter "FRC") is a business entity, form unknown. On information and belief, FRC is doing business in the State of California, County of San Diego, under the fictitious name, "TRUE FOOD KITCHEN".

3. Plaintiff believes and thereon alleges that FRC operates restaurants in several states, including California.

4. Plaintiff believes and thereon alleges that FRC operates "True Food Kitchen Fashion Valley", a restaurant located at 7007 Friars Road, unit 394, San Diego, CA 92108 (hereafter referred to as "THE RESTAURANT").

5. Plaintiff is ignorant to the true names and capacities of Defendants sued herein as DOES 1 through 25, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

6. Plaintiff believes and thereon alleges that each "Doe" Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants and their acts.

7. Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

8. The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and have caused, and will continue to

1  cause, Plaintiff's economic damage in an amount to be proven at trial.

9. As a further proximate result of Defendants' unlawful and intentional actions, and each of their agents, against Plaintiff as alleged herein, Plaintiff has been harmed in that he suffered emotional pain, mental anguish, loss of enjoyment of life, and emotional distress.

10. Defendants committed these acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amount to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard for Plaintiff's rights.

## SPECIFIC FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

12. On or about August 20, 2012, Plaintiff was hired by Defendants to work as a server at THE RESTAURANT.

13. During the entire period of employment, Plaintiff was paid minimum wage plus tips. When Plaintiff was first hired, minimum wage was $8.00 an hour. Beginning on January 1st, 2014 minimum wage was raised to $9.00 an hour, at which point Plaintiff's base wage was raised to $9.00 an hour.

14. At THE RESTAURANT servers were not relieved for breaks, either for rest periods or meal periods by extra server staff. Servers were responsible for maintaining service on the tables in their assigned areas of THE RESTAURANT. Due to the fact that THE RESTAURANT was consistently busy this meant that servers were unable to take rest periods or meal periods.

15. Servers at THE RESTAURANT were disciplined if they took a break as this caused a lapse of service on a table or tables the server was assigned to. On at least one occasion, Plaintiff was disciplined for taking a break when tables assigned to him became busy unbeknownst to him while he was on break. Plaintiff observed other servers being disciplined for lapses in service on their tables while they took breaks on multiple occasions.

16. Management at THE RESTAURANT required the servers to clock-out for thirty minutes a

3

shift for meal periods. If servers did not do so they would be disciplined.

17. Plaintiff on numerous occasions told members of the management team that he was not able to take his meal period but had to clock-out and continue to work due to the lack of relief from providing service to his tables. On these occasions management told Plaintiff that he had to clock-out even though he was unable to take a meal period.

18. On at least one occasion, management told servers that if THE RESTAURANT were to hire additional staff to allow servers to be relieved during rest and meal periods that these additional staff members would have to be paid form the servers tips.

19. Due to the fact that Plaintiff was required to clock-out for meal periods but was unable to break he is unpaid for regular wages.

20. Due to the fact that Plaintiff was required to clock-out for meal periods but was unable to break he is unpaid for overtime wages for days in which the uncounted time worked off of the clock resulted in Plaintiff working more than 8 hours in the day or 40 hours in the week.

21. Defendants operated a tip pooling policy at THE RESTAURANT. The policy required the servers to pay 4% of gross receipts paid by customers on the tables assigned to each server respectively. The Defendants would then distribute this money to the bussers, who they referred to as "back servers", and bartenders.

22. The servers had to pay the 4% of gross receipts on tables even when they were not tipped on a table. Plaintiff spoke with management about his concerns regarding having to pay money to the house on tables in which he did not receive a gratuity and was told that this was the policy and the management could not do anything for him.

23. Plaintiff believed that the tip pooling policy, as well as the break policies, were illegal and began doing research online on his own. After finding some information which supported his suspicion that the policies were illegal, Plaintiff spoke to personnel at the Division of Labor Standards Enforcement. Plaintiff understood from his conversations with personnel at the Division of Labor Standards Enforcement that Defendants' polices were illegal.

24. Beginning on or around early May, 2015, Plaintiff began communicating with co-workers regarding his concern that the employer's policies were illegal. The Plaintiff regularly

4

arrived to work an hour prior to his shifts to eat. He would do so in the employee break area. While eating prior to his shifts he would discuss his concerns with the employer policies.

25. Plaintiff is informed and believes and thereon alleges that Defendants and management at THE RESTAURANT were aware of his communications with fellow employees regarding his concerns with the tip pooling policy and the break policy at THE RESTAURANT.

26. On May 13, 2015, at the end his shift Plaintiff asked the manager on duty not to take the portion of the tips paid out to the bartenders from gratuities paid to his table. Plaintiff explained that he felt the tip pooling policy was illegal and that he was not satisfied with the performance of the bartenders of that shift with regards to preparing drinks for tables Plaintiff was serving. The manager on duty obliged Plaintiff and did not take the 2% gross receipts from his gratuities that night that would normally be distributed by THE RESTAURANT to the bartenders.

27. On May 14, 2015 Plaintiff again asked the manager on duty not to take the portion of the tips paid out to the bartenders from his gratuities. Plaintiff again explained that he felt the tip pooling policy was illegal and that he was not satisfied with the performance of the bartenders that shift with regards to preparing drinks for tables Plaintiff was serving. The manager on duty obliged Plaintiff and did not take the 2% gross receipts from his gratuities that night that would normally be distributed by THE RESTAURANT go to the bartenders.

28. On May 15, 2015, Plaintiff was accosted by management prior to his coming on shift. After Plaintiff explained his concerns that the tip policy was illegal and his dissatisfaction with the service of the bartenders, management sent him home.

29. On May 16, 2015, Plaintiff was again sent home prior working his shift.

30. On May 18, 2015, Plaintiff called human resources and told human resources, among other things, his concerns that he believed the tip pooling policy to be illegal, and his belief that the break policies as implemented at THE RESTAURANT was illegal. Plaintiff told human resources that he had spoken to the Division of Labor Standards Enforcement, and raised his concerns that Defendants' policies were illegal.

31. On May 19, 2015, Plaintiff reported to work for his scheduled shift, and was fired prior to

5

1 working.

32. Plaintiff is informed and believes, and thereon alleges that his expressing his reasonable belief that the Defendants' tip pooling was illegal, was a substantial motivating factor in Defendants' decision to terminate his employment.

33. Plaintiff is informed and believes, and thereon alleges that his expressing his reasonable belief that the Defendants' break policy as implemented at THE RESTAURANT was illegal, was a substantial motivating factor in Defendants' decision to terminate his employment.

34. Plaintiff is informed and believes, and thereon alleges that his expressing his concerns that Defendants' break and tip pooling policies were unfair and illegal with his fellow co-workers was a substantial motivating factor in Defendants' decision to terminate his employment.

35. Plaintiff is informed and believes, and thereon alleges that his communication with the Division of Labor Standards Enforcement regarding his concerns of the legality of the tip pooling policy and the break policies at THE RESTAURANT was a substantial motivating factor in Defendants' decision to terminate his employment.

36. In addition, Defendants failed to pay Plaintiff all outstanding overtime wages he earned upon his termination, in violation of Labor Code section 201.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS (All Defendants)

[Cal. Labor Code §§ 512, 226.7; and 8 Cal. Code of Regulations § 11050(11)]

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

38. No employer shall employ any person for a work period of more than five hours without a meal period of not less than thirty minutes. (Cal. Labor Code §§ 512, 226.7, and 8 Cal. Code of Regulations § 11050(11)).

39. If an employer fails to provide an employee a proper meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday

6

that the rest period is not provided. (Cal. Labor Code § 226.7(b)).

40. Mr. Laino did not receive proper meal periods during his employment with Defendants. Mr. Laino was not authorized to or permitted to take meal periods. In fact, Mr. Laino and his fellow servers would be disciplined if their taking a break caused service to the table assigned to them to be disrupted. Defendants told the server staff that if they wanted the employer to higher extra staff to cover servers while they breaked that the servers would have to pay this extra staff from the servers' tip earnings.

41. Mr. Laino informed management at THE RESTAURNT on several occasions that it was not possible for him to take a meal break without disrupting service to his assigned tables due to the high volume of business at THE RESTAURANT and the lack of extra server staff to relieve him of his assigned tables.

42. As a direct (proximate) result of the Defendants' conduct, Mr. Laino is entitled to one additional hour of pay at his regular rate of compensation for each day that a proper meal period was not provided.

43. Plaintiff will amend this complaint when the exact amount of wages owed becomes known or according to proof at trial.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS (All Defendants)
[Cal. Labor Code § 226.7, and 8 Cal. Code of Regulations § 11050(12)]

44. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

45. No employer shall employ any person for a work period of four hours without a rest period of not less than ten minutes. (Cal. Labor Code §, 226.7, and 8 Cal. Code of Regulations § 11050(11)).

46. If an employer fails to provide an employee a proper rest period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. (Cal. Labor Code § 226.7(b)).

7

47. Mr. Laino did not receive proper rest periods during his employment with Defendants. Mr. Laino was not authorized to or permitted to take rest periods. In fact, Mr. Laino and his fellow servers would be disciplined if their taking a break caused service to the table assigned to them to be disrupted. Defendants told the server staff that if they wanted the employer to higher extra staff to cover servers while they breaked that the servers would have to pay this extra staff from the servers' tip earnings.

48. Mr. Laino informed management at THE RESTAURNT on several occasions that it was not possible for him to take rest breaks without disrupting service to his assigned tables due to the high volume of business at THE RESTAURANT and the lack of extra server staff to relieve him of his assigned tables.

49. As a direct (proximate) result of the Defendants' conduct, Mr. Laino is entitled to one additional hour of pay at his regular rate of compensation for each day that a proper meal period was not provided.

50. Plaintiff will amend this complaint when the exact amount of wages owed becomes known or according to proof at trial.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY REGULAR AND OVERTIME WAGES (All Defendants)

**[California Labor Code §§ 204, 510, and 1194]**

51. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

52. Labor Code § 1194 establishes an employee's right to recover unpaid wages, including minimum and overtime compensation and interest thereon, together with the costs of suit. Labor Code § 1197 states that the payment of a wage less than the minimum wage fixed by the Industrial Welfare Commission is unlawful. Labor Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

53. Labor Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

54. Defendants maintained a practice of not providing meal periods, but forced servers, including Mr. Laino, to clock-out as if to take a break and but work through their break. As such, not only did Mr. Laino not receive required rest breaks, but also was not paid for thirty minute periods on most days he worked for the Defendants.

55. As a consequence of the Defendants requiring servers, including Mr. Laino, to clock-out and work through breaks Mr. Laino worked off of the clock and is owed unpaid wages.

56. As a consequence of the Defendants requiring servers, including Mr. Laino to clock-out and work through breaks some of Mr. Laino's hours were not recorded, and therefore, overtime worked was not registered in the payroll system and not paid.

57. As a direct (proximate) result of Defendant's illegal deduction and/or willful failure to pay wages due and owing, Plaintiff is entitled to recoup unpaid wages, penalties, a waiting time penalty, costs, interest and attorney's fees. (California Labor Code §§ 201, 202, 203, 204, 206, 210, 216, 218.5, 218.6, 226 and 1194).

58. As a direct (proximate) result of Defendant's conduct, Plaintiff has incurred and continues to incur reasonable attorney's fees, costs, and interest.

59. Plaintiff still has not received the full amount of his final paycheck due to Defendant's illegal deduction of wages. Plaintiff is entitled to a waiting time penalty pursuant to California Labor Code § 203.

60. Plaintiff will amend this complaint when the exact amount of wages owed becomes known or according to proof at trial.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY REPORTING TIME WAGES

**[8 Cal Code of Regulations California Labor Code § 11050(5)]**

61. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

62. California Industrial Welfare Commission Wage Order 5, which covers restaurants, requires that if an employee is required to report to work, but is not put to work the employee shall be paid for half the employee's usual or scheduled day's work. 8 Cal Code of Regulations California Labor Code § 11050(5).

63. Mr. Laino's typical shift was no less than six hours a shift.

64. Defendants called Mr. Laino to work, but did not put him to work on May 15th, 2015, May 16th, 2015, May 19th, 2015.

65. Defendants paid Mr. Laino two hours for May 15th, 2015. Given that this is less than half of Mr. Laino's six hour shift, it was an insufficient number of hours paid.

66. Defendants paid Mr. Laino no reporting time wages for either May 16th or May 19th, 2015.

67. As a direct (proximate) result of Defendant's willful failure to pay wages due and owing, Plaintiff is entitled to recoup unpaid wages, penalties, a waiting time penalty, costs, interest and attorney's fees. (California Labor Code §§ 201, 202, 203, 204, 206, 210, 216, 218.5, 218.6, 226 and 1194).

68. As a direct (proximate) result of Defendant's conduct, Plaintiff has incurred and continues to incur reasonable attorney's fees, costs, and interest.

69. Plaintiff still has not received the full amount of his final paycheck due to Defendant's illegal deduction of wages. Plaintiff is entitled to a waiting time penalty pursuant to California Labor Code § 203.

70. Plaintiff will amend this complaint when the exact amount of wages owed becomes known or according to proof at trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY WAGES UPON TERMINATION OR RESIGNATION
[California Labor Code §§ 201, 202, and 203]

71. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

72. At all times relevant herein, Plaintiff was an employee of Defendants.

73. Plaintiff was terminated from his employment with Defendants. Defendants failed to pay

10

1 | Plaintiff all wages owed to him on his last day of employment, in violation of Labor Code section 201.

74. Alternatively, should the trier of fact find that Plaintiff resigned from his employment with Defendants, Defendants failed to pay Plaintiff all wages owed to him within 72 hours of his resignation, in violation of Labor Code section 202.

75. In addition to all other damages properly recoverable, Plaintiff is entitled to penalties pursuant to Labor Code section 203, an award of costs and attorney fees pursuant to Labor Code section 218.5, and an award of interest pursuant to Labor Code § 218.6.

## SIXTH CAUSE OF ACTION

## RETALIATION

**[California Labor Code § 1102.5]**

76. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

77. At all times relevant herein, Plaintiff was an employee of Defendants.

78. Plaintiff disclosed information to Defendants that he reasonably believed constituted a violation of the California Labor Code and California Code of Regulations, as stated herein.

79. Plaintiff's disclosure of such information was a substantial motivating factor in Defendants' decision to terminate his employment.

80. Plaintiff communicated with the Division of Labor Standards Enforcement regarding his belief that both the tip pooling policies and the break policies as enforced by Defendants at THE RESTAURANT were illegal.

81. Plaintiff communicated to Defendants' through FRC's human resource department that he had communicated his concerns regarding Defendants' policies to the Division of Labor Standards Enforcement. This is protected activity under Labor Code 98.6(a). The day after Plaintiff told human resources he communicated with the Division of Labor Standards Enforcement regarding his concerns that Defendants' policies were illegal, Defendants fired Plaintiff.

82. Plaintiff believes and thereon alleges that Plaintiff's communication regarding the his belief

11

that Defendants' policies were illegal to the Division of Labor Standards Enforcement was a substantial motivating factor in Defendants' decision to terminate him employment, or otherwise discriminate against him in the terms and conditions of his employment.

83. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

84. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum according to proof.

85. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

86. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to a $10,000 penalty for each violation of California Labor Code Section 1102.5, pursuant to California Labor Code Section 1102.5(f), and attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## SEVENTH CAUSE OF ACTION

## RETALIATION

### [California Labor Code § 98.6]

87. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

88. At all times relevant herein, Plaintiff was an employee of Defendants.

89. Plaintiff disclosed information regarding his wages and conditions of employment to his fellow co-workers. In this case, Plaintiff communicated his concerns that the tip pooling policy maintained by Defendants was unfair and illegal, and that the break policy as implemented at THE RESTAURANT was illegal. This is protected activity under Labor Code §§ 232, and 232.5, and is actionable through Labor Code § 98.6(a).

90. Plaintiff believes and thereon alleges that Plaintiff's disclosure and communication of such information was a substantial motivating factor in Defendants' decision to terminate him employment, or otherwise discriminate against him in the terms and conditions of his employment.

91. Plaintiff communicated with the Division of Labor Standards Enforcement regarding his belief that both the tip pooling policies and the break policies as enforced by Defendants at THE RESTAURANT were illegal.

92. Plaintiff communicated to Defendants' through FRC's human resource department that he had communicated his concerns regarding Defendants' policies to the Division of Labor Standards Enforcement. This is protected activity under Labor Code 98.6(a). The day after Plaintiff told human resources he communicated with the Division of Labor Standards Enforcement regarding his concerns that Defendants' policies were illegal, Defendants fired Plaintiff.

93. Plaintiff believes and thereon alleges that Plaintiff's communication regarding the his belief that Defendants' policies were illegal to the Division of Labor Standards Enforcement was a substantial motivating factor in Defendants' decision to terminate him employment, or otherwise discriminate against him in the terms and conditions of his employment.

94. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

95. As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to him damage in a sum according to proof.

96. As a result of Defendant's deliberate, outrageous, despicable conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

97. In addition to such other damages as may properly be recovered herein, Plaintiff is entitled

to a $10,000 penalty for each violation of California Labor Code Section 1102.5, pursuant to California Labor Code Section 98.6(b)(3), and attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

98. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

99. At all times relevant herein, Plaintiff was an employee of Defendants.

100. Defendants wrongfully terminated Plaintiff's employment.

101. Plaintiff believes and thereon alleges that his opposition to Defendants' tip pooling policy and break policies was a substantial motivating reason for his termination.

102. Plaintiff had a good faith belief that Defendants' tip pooling policy and break policies were unlawful, and communicated his belief that the policies were unlawful to Defendants.

103. Defendants' conduct in terminating Plaintiff's employment on the basis of his opposition to Defendants' tip pooling policy and break policies constituted a blatant violation of the laws and public policy of the State of California, embodied in the California Labor Code, and was in violation of California law pursuant to *Gould v Maryland Sound Industries, Inc.* (1995) 31 Cal App 4th 1137.

104. Plaintiff believes and thereon alleges that his communication of his concerns that the Defendants' tip pooling policy and break policies were both unlawful and unfair to his fellow co-workers was a substantial motivating reason for his termination.

105. Defendants' conduct in terminating Plaintiff's employment on the basis that he was communicating with co-workers about wages and conditions of employment is a blatant violation of the laws and public policy of the State of California, embodied in the California Labor Code, and was in violation of California law, pursuant to Labor Code sections 232, and 232.5.

106. Plaintiff communicated with the Division of Labor Standards Enforcement regarding his belief that both the tip pooling policies and the break policies as implemented by Defendants

14

at THE RESTAURANT were illegal.

107. Plaintiff communicated to Defendants' through FRC's human resource department that he had communicated his concerns regarding Defendants' policies to the Division of Labor Standards Enforcement. This is protected activity under Labor Code 98.6(a), and 1102.5(a). The day after Plaintiff told human resources he communicated with the Division of Labor Standards Enforcement regarding his concerns that Defendants' policies were illegal, Defendants fired Plaintiff.

108. Plaintiff believes and thereon alleges that Plaintiff's communication regarding the his belief that Defendants' policies were illegal to the Division of Labor Standards Enforcement was a substantial motivating factor in Defendants' decision to terminate his employment, or otherwise discriminate against him in the terms and conditions of his employment.

109. Defendants' conduct in terminating Plaintiff's employment on the basis of his communicating with the Division of Labor Standards Enforcement regarding his belief that Defendants' policies violated California law constituted a blatant violation of the laws and public policy of the State of California, embodied in the California Labor Code at section 98.6, and section 1102.5.

110. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and Plaintiff has suffered other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages.

111. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, loss of reputation, and mental and physical pain and anguish, all to his damage in a sum according to proof.

112. As a result of Defendants' deliberate, outrageous, despicable conduct, and blatant violation of the laws and public policy of this State as stated herein, Plaintiff is entitled to recover punitive and damages. Plaintiff is further entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

**NINTH CAUSE OF ACTION**

## UNFAIR COMPETITION

### [California Business and Professions Code section 17200 *et seq.*]

113. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

114. California Business & Professions Code section 17200 *et seq.* prohibits the engagement of any business acts or practices constituting unfair competition. Section 17200 defines "unfair competition" to mean and include "…any unlawful, unfair or fraudulent business act or practice."

115. Defendants have not provided all wages owed to Plaintiff in violation of California Labor Code sections 201, 202, 203, 204, 216, 510, 512, and 1194; and have therefore, engaged in unlawful business acts or practices in violation of Business and Professions Code section 17200 *et seq.*

116. As a direct and proximate result of Defendants' unlawful and/or unfair business act or practices, Plaintiff has suffered an injury-in-fact and was deprived of money or property to which he has valid and cognizable claims.

117. The harm to Plaintiff resulting from Defendants' unlawful business acts or practices far outweighs whatever benefits, if any, such business practices have for Defendants.

118. In addition to all other damages properly recoverable, Plaintiff is entitled to all restitution damages arising from Defendants' unlawful business acts or practices, in an amount to be established according to proof plus interest.

119. Plaintiff is further entitled to cumulative damages pursuant to California Business and Professions Code section 17205, and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

///

**WHEREFORE** Plaintiff prays for the following relief:

1. For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, unpaid regular and overtime wages, and meal and rest period premium wages, according to proof;

2. For special damages in an amount according to proof;

3. For mental and emotional distress damages;

4. For back pay, front pay and other monetary relief;

5. For penalties pursuant to California Labor Code sections 203, 98.6, and 1102.5;

6. For cumulative damages, pursuant to California Business and Professions Code section 17205;

7. For punitive damages in an amount necessary to make an example of and to punish defendants, and to deter future similar misconduct;

8. For costs of suit, including attorney's fees as permitted by law, including those available pursuant to Labor Code sections 218.5, 218.6, and 1194, and California Code of Civil Procedure section 1021.5;

9. For an award of interest, including prejudgment interest, at the legal rate as permitted by law;

10. For such other and further relief as the Court deems proper and just under all the circumstances.

**PLAINTIFF, Mr. Laino** demands a jury trial on all issues in this case.

DATED: January 19, 2016

LAW OFFICE OF HEWGILL AND COBB
LAW OFFICE OF ZACHARY T. TYSON

Justin Hewgill, Esq.
Zachary T. Tyson, Esq.
Attorneys for Plaintiff, Anthony Laino

17

PLAINTIFF'S COMPLAINT FOR DAMAGES